IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


ROB HINES AND HARRY SIMMONS
D/B/A FIVE MILE FLYING AND AIG AVIATION, INC.
AS AVIATION MANAGERS FOR THE INSURANCE COMPANY
OF THE STATE OF PENNSYLVANIA                          PLAINTIFFS


VS.                             CIVIL ACTION NO. 5:04cv211-DCB-JBS


PLANE PAINT, INC., FAST BLAST, INC.,
HERMITAGE INSURANCE COMPANY,
AND JOHN DOES 1-3                                     DEFENDANTS


### MEMORANDUM OPINION AND ORDER

This cause is before the Court on Hermitage Insurance Company's ("Hermitage's") Motion for Reconsideration of Order Awarding Fees [**docket entry no. 28**]. Having carefully considered the motions, responses and briefs, and the applicable law, the Court finds as follows:

### FACTUAL AND PROCEDURAL HISTORY

This negligence action was removed from the Circuit Court of Yazoo County, Mississippi, on August 16, 2004, after notice was given by Hermitage Insurance Company ("Hermitage") claiming that this Court had original diversity jurisdiction pursuant to 28 U.S.C. § 1332. While complete diversity did exist between Hermitage and the plaintiffs, there was a lack of diversity between the plaintiffs and Hermitage's co-defendants. Hermitage argued that the claims against it had been "misjoined" in the state action and that the action could be properly removed under the theory of

"fraudulent misjoinder of claims." <u>See</u> Def. Response to Motion for Remand, at 6.

On October 25, 2004, the plaintiffs' motion to remand the case to the Circuit Court of Yazoo County was granted. <u>See</u> Order of Remand [docket entry no. 22]. On November 4, 2004, the plaintiffs filed a motion to recover those costs and expenses incurred in connection with the removal and remand. Thereafter, the order of remand was mailed to the Circuit Court of Yazoo County on January 25, 2005. After the remand order was mailed, this Court granted the plaintiffs' motion for attorney's fees and costs, finding that Hermitage had been objectively unreasonable in asserting removal jurisdiction. <u>See</u> Order dated September 9, 2005 [docket entry no. 27].

On September 22, 2005, Hermitage filed the present Motion for Reconsideration and asks that the Court rescind its order granting fees and costs to the plaintiffs. The defendant submits three separate bases which allegedly justify such a recision: (1) that the Court lacked jurisdiction to enter its September 9, 2005, order after the Order of Remand had been certified and mailed to the state court; (2) that an award of fees will thwart the parties' effort to save expenses and simplify the litigation; and (3) that Hermitage's belief that removal was proper was not objectively unreasonable.

**DISCUSSION**

–2–

**I.   Standard for Motion for Reconsideration**

Although the Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, the United States Court of Appeals for the Fifth Circuit has held that such a motion will be treated as either a motion to "alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b). Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991). Rule 60(b)(6) allows a party to seek relief from a court's order when there is any reason "justifying relief from the operation of the judgment [or order]." Fed. R. Civ. Proc. 60(b)(6). A Rule 60(b)(6) motion must be filed within a reasonable time period. McCorvey v. Hill, 385 F.3d 846, 849 n.4 (5th Cir. 2004) ("there is no set time period distinguishing timely from untimely motions [under Rule 60(b)] outside of the absolute, one-year time frame for Rule 60(b)(1)-(3) motions."). The United States Supreme Court has noted that Rule 60(b)(6) provides district courts with the "authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988).

**II.   Challenges to the Court's Order Awarding Fees**

*A.   Jurisdiction to Enter Order Awarding Fees and Costs*

In Arnold v. Garlock, Inc., 278 F.3d 426, 438 (5th Cir. 2001), the Fifth Circuit addressed the impact an order of remand has upon the district court's jurisdiction in the case:

-3-

A § 1447(c) order of remand is not self-executing.   Section 1447(c) provides, in pertinent part, that upon determination that a case should be remanded, "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.   The State court may thereupon proceed with such case."   This provision created legal significance in the mailing of a certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction.   On that basis, the federal court is not divested of jurisdiction until the remand order, citing the proper basis under § 1447(c), is certified and mailed by the clerk of the district court.
Once the remand order is certified and mailed, however, the matter remanded is removed from federal jurisdiction.

Arnold, 278 F.3d at 437-38 (internal citations omitted).

Hermitage contends that the above-quoted language from Arnold mandates that the Court vacate its order awarding removal-related fees to the plaintiffs inasmuch as that order was entered subsequent to the certification and mailing of the order of remand to the state court.   See Def. Memo. in Support of Motion for Reconsideration, at 5-6.   A similar contention was addressed in Coward v. AC & S, Inc., 91 Fed. Appx. 919 (5th Cir. 2004), and was clearly rejected by the Fifth Circuit Court of Appeals:

This Court has not addressed the issue of post-remand certification and retention of jurisdiction to impose costs under § 1447(c). However, the Supreme Court in Cooter v. Hartmarx Corp., 496 U.S. 384, 396 (1990) held that a court which is divested of jurisdiction over the merits of the matter does not lose jurisdiction on any collateral issues of that matter, such as the awarding of attorney fees. Furthermore, other circuit courts have found

-4-

> that a district court is not divested of
> jurisdiction to award attorney fees and costs
> subsequent to the certification of a remand of
> a § 1447(c) removal. [citations omitted].  We
> see no reason why we should contradict the
> proposition that a court retains jurisdiction
> over collateral matters post-divestiture of
> jurisdiction on the merits as outlined by the
> Supreme Court in Cooter. . . . Accordingly, we
> hold that a district court is not divested of
> jurisdiction to award attorney fees and costs
> pursuant to § 1447(c) after a remand has been
> certified.

Coward, 91 Fed. Appx. at 922 (emphasis added).

Hermitage, however, argues that Coward stands only for the limited holding that an award of fees need not be included in the same order which remands the case.  Apparently, the defendant is contending that the district court can consider an award of fees after the order of remand has been entered and certified, but that the court loses all power to award fees once the order of remand has been mailed to the state court.  In support of this proposition, Hermitage cites an opinion penned by the Honorable Judge Barbour. See Rockingham v. Men's Health Center, 204 F. Supp. 2d 967 (S.D. Miss. 2002).  In Rockingham, the district court had certified an order of remand based upon the lack of complete diversity between the parties.  A copy of the order of remand had not yet been mailed to the state clerk, however, when the defendants moved for reconsideration of that order.  Id. at 967. The defendants' motion claimed that newly discovered evidence showed that there was no reasonable possibility of recovery against

any of the in-state defendants and that, therefore, the district court had jurisdiction over the case.  <u>Id.</u>  Judge Barbour, recognizing that the federal court would be divested of power to reconsider the <u>remand itself</u> once the order of remand had been mailed, issued an order directing that the clerk not mail the order of remand until the defendant's motion for reconsideration was decided.  <u>Id.</u>

Rockingham has little relevance to the present case.  Judge Barbour's opinion addressed the district court's power to reconsider an order of remand on its <u>merits</u> and had nothing to do with considering the <u>collateral</u> matter of a post-remand award of fees.  Moreover, contrary to Hermitage's reading of <u>Coward</u>, that case clearly holds that "a court retains jurisdiction over collateral matters post-divestiture of jurisdiction on the merits." There is no support for the proposition that the court's power to consider collateral matters such as attorney's fees is defeated once the order of remand has been mailed.[1]

Thus, it is clear that this Court retained jurisdiction to

---

[1] Hermitage claims that if the district court was not <u>completely</u> divested of jurisdiction over a case upon remand two courts, both a state and a federal court, would have jurisdiction over the same case.  This argument, again, fails to recognize the distinction drawn in <u>Coward</u> that the certification and mailing of the order of remand divests the district court of any power to issue orders upon the <u>merits</u> of the remanded case.  The federal court, then, is left only to decide upon <u>collateral</u> matters associated with the remand and removal.  Thus, there is no jurisdictional overlap between the courts.

award § 1447(c) fees and costs even after the order of remand had been certified and mailed to the Circuit Court of Yazoo County.[2]

### B.  Impact of the Fee Award on Parties' Efforts to Save Expenses and Simplify the Litigation

After this case was remanded, the plaintiffs and Hermitage agreed to dismiss the then-existing declaratory actions.  According to Hermitage, the dismissals were filed in an effort to save litigation expenses.  See Def. Motion for Reconsideration, at 3. In its present motion for reconsideration, the defendant submits that the Court should rescind the award of fees to the plaintiffs because such an award "will likely have the effect of thwarting these efforts [to save litigation expenses] because it will renew all of the tangential issues involved in the removal and remand[, and m]ore than likely, the order awarding fees will be appealed resulting in additional costs to all parties."  Def. Memo. in Support of Motion for Reconsideration, at 6-7.

If the parties wish to save litigation expenses involved in recovering attorney's fees or in avoiding a potential appeal,

---

[2] Hermitage also offers a troubling argument that it was unaware that the federal court was still considering awarding fees to the plaintiffs after the case had been remanded.  Def. Memo. Reply Brief in Support of Motion for Reconsideration, at 2.  A simple perusal of the docket is all that is necessary to refute this claim.  After the order of remand was entered, the plaintiffs filed their motion for fees.  When the order of remand was subsequently mailed to the state clerk, the accompanying docket annotation states "Attorney Fees and Expenses retained in our court file."  Thus, it should have been clear that the Court was still considering an award of fees after the order of remand was mailed.

nothing prevents them from settling their differences without the Court's intervention. The plaintiffs, however, have clearly indicated that they wish to recover those fees expended in seeking remand, and the defendant continues to challenge that award. Moreover, the threat of a possible appeal and the associated costs which will be incurred by the parties is a woefully insufficient justification for vacating the Court's order. Such an argument could be asserted by any aggrieved party. Thus, Hermitage's argument that the fee award should be vacated because the parties wish to save any added litigation expense is without merit.

C.  Unreasonableness of Hermitage's Grounds for Removal

Hermitage's third and final argument asserts that the Court committed clear error by holding that the defendant lacked an objectively reasonable basis to remove this case based upon its theory that it had been fraudulently misjoined with an in-state defendant. In the order of remand, the Court held that under Miss. R. Civ. Proc. 57, the joining of insureds and their insurers in the same actions are generally condoned in Mississippi. While acknowledging this principle, Hermitage argues that the Court failed to consider that litigants wishing to join an insured and insurer in the same action must still comply with Miss. R. Civ. Proc. 20. That rule requires that in order to join multiple defendants in one action, the plaintiff must show that his claimed right to relief arises from the same transaction, occurrence, or

-8-

series of transactions or occurrences, and that there be a question of law or fact common to all the defendants.

In the order of remand, the Court recognized that Rule 20 does, in fact, apply to actions seeking to join an insurer for the purpose of obtaining a declaration of coverage under Rule 57. <u>See</u> Order of Remand, at 6 n.2. However, believing it readily apparent that Rule 20's requirements had been satisfied in this case, the Court declined to address the matter in detail. The Court now takes the opportunity to address Hermitage's contention that joinder under Rule 20 was improper.

This case involves a contention by the plaintiffs that Hermitage's insured, Plane Paint, was engaged to paint the plaintiffs' airplane and that the work was sub-standard. Hermitage agreed to defend the case under a reservation of rights. That reservation was premised upon a provision within the policy which excludes from coverage liability incurred because the insured's work was not performed correctly. Hermitage argues that the relevant coverage question in the declaratory judgment action is whether the exclusion for claims arising out of its insured's work will apply.

As stated previously, proper joinder under Rule 20 requires a showing of two elements: (1) that the claimed right to relief arises from the same transaction, occurrence, or series of transactions or occurrences; and (2) that there is a question of

law or fact common to all the defendants.  Clearly, the first element was met in this case inasmuch as the lawsuit arose out of a single occurrence, i.e., the alleged flawed painting of the plaintiffs' aircraft.  Moreover, the second element has also been met.  The common question of fact between all defendants is a determination of the manner in which Plane Paint painted the plaintiffs' plane.[3]

Therefore, as the Court held in its previous order granting remand and as it reemphasizes here, it was objectively unreasonable for Hermitage to believe that it was fraudulently misjoined in this case.  Accordingly, Hermitage's Motion for Reconsideration will be denied.

## III.  Determination of Amount of Fees and Costs

Having received a submission of fees and costs from the plaintiffs and objections thereto by Hermitage, the Court will now

---

[3] Hermitage cites Mercer v. Moody, 918 So. 2d 664 (Miss. 2005), as support for its position that no common question of law or fact existed between it and its insured, Plane Paint.  Mercer involved an attempt by the plaintiff to join his own employer's worker's compensation insurer along with the alleged tortfeasor. The court ruled that no common question of law or fact existed between the worker's compensation insurer and the tortfeasor because the insurer had already admitted coverage.  Mercer, 918 So. 2d at 667-68.

Unlike in Mercer, Hermitage questioned its obligation to provide coverage to its insured in this case.  That question was based upon its belief that the insurance contract excluded coverage for work that was negligently done.  Despite the defendant's attempts to complicate the matter, it is very clear that a common question of fact with regard to the defendants was present at the time of Hermitage's improvident removal.

proceed to determine what quantum of fees shall be awarded.[4]

*A.  Attorney's Fees*

In their first submission of costs and fees, which has since been amended, the plaintiffs state that the number of man-hours expended for removal-related litigation is as follows:

    Partners:      66.50
    Associates:    5.75
    Paralegals:    2.5

Upon challenge by Hermitage, the plaintiffs amended its hour calculation, acknowledging that 7.45 hours of the aforementioned time had not been spent on removal-related matters.  Since the plaintiffs do not explain whether those hours should be deducted from the partners', associates' or paralegals' tally (or a combination thereof), the Court will deduct them from the partners' total.  In their amended submission of fees, the plaintiffs also seek to include the additional hours expended in amending that pleading and responding to the defendant's opposition to their submission.  The Court declines to award compensation for time

---

[4]  Hermitage offers two procedural objections to the plaintiffs' submission of costs: (1) that the original Motion for Attorney's Fees failed to identify the amount sought in contravention of Fed. R. Civ. Proc. 54(d)(2)(B); and (2) that the plaintiffs did not seek leave to file their supplemental Motion for Attorney's Fees.  Both procedural objections are without merit.  In granting the plaintiffs' motion for fees, the Court ordered that they provide an accounting of their costs and fees in the event that the parties were unable to resolve the amount between themselves.  The plaintiffs have properly complied with this order.

spent correcting the plaintiffs' submission of fees and costs.[5]
Thus, the number of hours expended by the plaintiffs in connection
with the removal and remand of this matter are:

        Partners:      59.05
        Associates:    5.75
        Paralegals:    2.5

      With regard to the monetary rates associated with these hours,
the plaintiffs submit that, prior to Hermitage's decision to remove
this action, the hourly rates which were being charged were (1)
$185/hr for partners; (2) $125/hr for associates; and (3) $90/hr
for paralegals.  After removal, however, the plaintiffs assert that
they had to request a reduced rate from their attorneys in order to
keep the litigation economically feasible.  The reduced rates were
(1) $125/hr for partners; and (2) $115/hr for associates.
Hermitage contends, and this Court agrees, that it should not be
assessed fees based upon a higher rate than that actually charged
to the plaintiffs.  Hermitage does not, however, challenge the
reasonableness or the validity of the reduced rates charged to the
plaintiffs, and this Court finds those rates to be reasonable.
Therefore, the Court's calculation of the fees to be awarded is as

_____

      [5] The Court realizes that some of this additional time
included by the plaintiffs in their amended submission of fees was
expended in an effort to address Hermitage's contentions that no
fees should be awarded on procedural grounds.  Without a detailed
breakdown of these hours and a summation by the plaintiffs,
however, the Court declines to speculate as to what this proportion
may be.

-12-

follows:

|  | **HOURS** | **RATE** | **FEE** |
|---|---|---|---|
| Partners: | 59.05 | $125 | $7,381.25 |
| Associates: | 5.75 | $115 | $ 661.25 |
| Paralegals: | 2.50 | $ 90 | $ 225.00 |
|  |  | **TOTAL:** | **$8,267.50** |

*B.  Costs*

In addition to the submission of attorney's fees, the plaintiffs also submit an accounting of their incurred costs for the months of August 2004 to November 2005. These costs, which total $2,375.46, include expenses for "Facsimiles", "Photocopies", "Postage", and "Online Research". <u>See</u> Itemization of Expenses (attached to Pl. Submission to Support Amount of Award of Fees and Expenses).

Hermitage objects to the plaintiffs' itemization of expenses on a number of grounds. First, Hermitage claims that the "Online Research" expense is unreasonable because the "ordinary practice for most attorneys is to incorporate this expense into their overhead [inasmuch as online] research companies charge a flat fee to have access to their databases." Def. Objection in Response to Submission to Support Amount of Award of Fees and Expenses, ¶7. Expenses associated with online research are regularly awarded as part of a cost award. <u>See, e.g.</u>, <u>Butler v. Rapides Foundation</u>, 365 F. Supp. 2d 787, 796 (W.D. La. 2005) (awarding online/PACER-related costs). While the defendant's attorney may have a flat-fee billing

arrangement with his online research provider, it is certainly not uncommon for other firms to pay per-search or hourly rates for their online research, and it is not extraordinary for those expenses to be passed along to the firms' clients.  Therefore, those costs associated with online research in connection with the removal and remand of this case will be recoverable by the plaintiffs.

Hermitage also objects to the plaintiffs' alleged $788.97 in photocopying expenses on the basis of excessiveness.  This figure, which was charged to the plaintiffs at a rate of $0.25 per photocopied page, would calculate out to approximately 3,155 pages. Though the plaintiffs claim that the $0.25 rate is a customary one charged by law firms, Hermitage contends that a rate of $0.15 should be used.  The Court agrees with Hermitage and finds that a rate of $0.25 per page for in-house, assumably black and white, copies is somewhat excessive.  Therefore, calculating 3,155 pages at $0.15 per page, the photocopying expenses would amount to $473.25.

Lastly, there is an objection by the defendant that the plaintiffs have included all of their expenses between August 2004 to November 2005, without any attempt to segregate the removal/remand-related costs from those associated with other matters involved in the general litigation.  The plaintiffs acknowledge that they failed to make such a distinction in their

paperwork and have voluntarily agreed to reduce their request for costs by 50%.  Though this concession was made only in regard to the postage and photocopying expenses (and not the online research costs), this 50% reduction will be applied to the entirety of the submitted expenses inasmuch as the plaintiffs failed to specify which online research charges were for removal/remand-related matters only.  Therefore, the costs which will be awarded are as follows:

| | |
|---|---|
| Facsimiles | $   32.25 |
| Photocopies | $  473.25 |
| Postage | $   92.09 |
| Online Research | $1,463.15 |
| **SUB-TOTAL** | $2,060.74 |
| X | .5 |
| **TOTAL** | $1,030.37 |

**CONCLUSION**

Based on the reasoning and authority set forth above, the Court finds that Hermitage's Motion for Reconsideration is not well-taken.  Accordingly

IT IS HEREBY ORDERED that Hermitage Insurance Company's Motion for Reconsideration of Order Awarding Fees [**docket entry no. 28**] is **DENIED**;

IT IS FURTHER ORDERED that the plaintiffs are awarded $8,267.50 in attorney's fees and $1,030.37 in expenses.

-15-

SO ORDERED, this the 21st day of March, 2006.

                                        S/DAVID BRAMLETTE
                                        UNITED STATES DISTRICT JUDGE